## Commonwealth v. Girard National Bank.

*Escheat — Payment of moneys held by banking institutions into State Treasury without escheat proceedings—Acts of May 16, 1919, and July 12, 1919—Pennsylvania Constitution, art. i, sects. 8, 9 and 17—Amendments 4, 5 and 14, Constitution of the United States.*

1. The Act of May 16, 1919, P. L. 177, providing for the payment into the State Treasury without escheat of money or property, held by any person, etc., national bank, etc., subject to escheat under the provisions of the Act of July 12, 1919, P. L. 926, amending earlier escheat statutes so as to make them applicable to moneys on deposit or securities or other property held for safekeeping by national banks, is not in violation of sections 8, 9 or 17 of art. i of the Constitution of Pennsylvania, or the 4th, 5th or 14th Amendments to the Constitution of the United States, in so far as it applies to national banks.

2. To a petition by the Attorney-General, filed at the suggestion of the Auditor General in accordance with the procedure outlined by the Act of May 16, 1919, P. L. 177, an answer by a national bank, averring that, although no checks had been drawn against the accounts of certain depositors (to recover which for the State Treasury proceedings had been instituted) for fourteen years and upwards, the moneys had not been abandoned by the depositors, and that all persons so named in the petition as such depositors could be found if living, or, if dead, their next of kin or special representatives, and that, although the advertisement made was in accordance with the requirements of the act, it was not calculated to give actual notice to any of the persons included in the list or to others interested as beneficiaries, is insufficient.

Petition of the Attorney-General for payment of unclaimed moneys into the State Treasury without escheat. C. P. No. 5, Phila. Co., Sept. T., 1920, No. 7321.

*William I. Schaffer* and *F. M. Eastman,* for petitioner.

*R. Stuart Smith,* for respondent.

MARTIN, P. J., May 5, 1922.—Petition filed by the Attorney-General of the Commonwealth of Pennsylvania, pursuant to the Act approved May 16, 1919, P. L. 177, to procure the payment into the State Treasury to the credit of the Commonwealth without escheat of all unclaimed money held by the Girard National Bank as a depository, which moneys it is averred are escheatable under the provisions of the Act approved June 7, 1915, P. L. 878, and the supplements thereto, in that they consist of deposits which have neither been increased nor decreased within fourteen years prior to Jan. 1, 1920, and no interest has been credited in the pass-book or on certificates of deposit of the respective depositors during said period; also, all moneys held in a fiduciary capacity by the Girard National Bank, which are escheatable under the provisions of the Act of June 7, 1915, P. L. 878, and the supplements thereto, consisting of moneys held and possessed under a dry trust or under an active trust that has terminated, the beneficiary, owner or owners of which or their whereabouts have been unknown for a period of seven years preceding Jan. 1, 1920; also, other moneys and property, consisting of dividends or profits declared by the bank to stockholders and not paid for three or more years, and debts and interest on debts due by said bank to creditors thereof and not paid for three years, and property held by the bank for the benefit of other persons which has been demandable by such persons for seven years or more.

A list of moneys and properties certified to be correct by the Auditor General was attached to the petition, having been reported to the Auditor General by the bank. It was averred that the Auditor General had given notice by mail and advertisement to the owners or persons entitled to claim the money, as required by section 6 of the Act of 1915, as amended by sec-

tion 3 of the Act of July 6, 1917, P. L. 725, and a sufficient time had elapsed since said notice and advertisement to enable the owners to claim their property or money.

The petition further averred that the number and nature of the items of money and property reported to the Auditor General by respondent were such that it was desirable, in the opinion of the Auditor General, that proceedings be instituted to procure payment by respondent into the State Treasury to the credit of the Commonwealth without escheat, and to procure the sale of said property and the payment of the proceeds thereof into the State Treasury without escheat, in conformity with the provisions of the Act of May 16, 1919, P. L. 177, and that the Auditor General had accordingly suggested to your petitioner that he proceed in the matter. The petition contained prayers that a day be fixed for hearing, of which notice be given to the bank, and that the court order all unclaimed money appearing in the list attached to the petition be held, together with interest actually accrued and payable thereon, and forthwith paid into the State Treasury to the credit of the Commonwealth without escheat, and that all unclaimed chattels and securities appearing in the list be sold in such manner as the court may direct and the proceeds paid into the State Treasury to the credit of the Commonwealth without escheat. There was attached to the petition a list, marked Schedule A, of the names of depositors and the amount standing to their credit on the books of the company, which deposits had neither been increased nor decreased and interest on which had not been credited in the pass-books of the depositor at his request for fourteen or more consecutive years preceding Jan. 1, 1918.

Upon presentation of the petition, a day was fixed for hearing. An answer was filed by the Girard National Bank, averring that, although no checks had been drawn against the accounts for fourteen years and upwards, the moneys had not been abandoned by the depositors and that all the persons so named could be found, if living, or, if dead, their next of kin or special representatives. It was admitted that the list of names appearing in Schedule A had been published by the Auditor General, but respondent averred the advertisement was made in such a manner and form as not calculated to give actual notice to any of the persons included in the list or others interested as beneficiaries.

Respondent averred that the Act of Assembly approved May 16, 1919, P. L. 177, is unconstitutional, in that it is in violation of art. I, §§ 8, 9 and 17, of the Constitution of Pennsylvania, and in violation of the 4th, 5th and 14th Amendments of the Constitution of the United States.

Petitions were also filed, praying for an order directing payment to be made, after hearing, into the State Treasury without escheat of money and property in the hands of the Penn National Bank, Union National Bank and the Fourth Street National Bank. Answers were filed, denying the right of the Commonwealth to demand the money, upon the ground that the act of assembly authorizing the payment to the Commonwealth, and providing the method of procedure, is unconstitutional, so far as it applies to national banks, and that the terms of the act providing for payment into the State Treasury without escheat are in violation of the contract and due process clauses of the Federal and State Constitutions, in requiring payment of the deposits in violation of the contract between the bank and its depositors.

This contention has been adversely determined by the Supreme Court in the case of Germantown Trust Co. v. Powell, 265 Pa. 71. The Act of June 7, 1915, P. L. 878, comprehends in its terms banks, safe deposit and trust companies and corporations organized and doing business under the laws of this

1 D. & C.

Commonwealth, excepting mutual savings fund societies. The Act of July 6, 1917, P. L. 725, provided a method of procedure. These acts were held not to extend to national banks, as they were not doing business under the laws of this Commonwealth; but the Act of July 12, 1919, P. L. 926, recited the failure of the legislature to use language in the earlier act to express an intent to make national banks subject to its provisions, and proceeded to enact an amendment to the act to make it specifically applicable to national banks; and the Act of May 16, 1919, P. L. 177, specifically includes in its terms national banks, and provides the method of procedure to obtain payment of the deposits to the Commonwealth without resorting to escheat.

In the State of Oregon there was an act for escheating unclaimed deposits after a period of seven years. This act was held by the Supreme Court of Oregon, in State of Oregon *v.* National Bank of Portland, 61 Ore. 51, to include national banks; and it was decided that its terms did not conflict with section 5241 of the United States Revised Statutes (U. S. Compiled Statutes, 1901, § 3517), which protects national banking associations from visitorial powers other than those authorized by the title national banks. In First National Bank of Louisville *v.* Kentucky, 9 Wallace, 354, 361, 362, it was said: "It certainly cannot be maintained that banks or other corporations or instrumentalities of the Government are to be wholly withdrawn from the operation of state legislation. . . . The agencies of the Federal Government are only exempted from state legislation, so far as that legislation may interfere with or impair their efficiency in performing the functions by which they are designed to serve that Government. . . . It is only when a state law incapacitates a bank from discharging the duties to the Government that it becomes unconstitutional."

The provisions of the Act of May 16, 1919, P. L. 177, and the supplements thereto, which provided that when money is held by a bank or association which is escheatable, the Auditor General shall suggest to the Attorney-General to proceed to obtain the money after notice and advertisement is made, as required by the act under which such items are escheatable, now extends to moneys in the custody of national banks.

And now, to wit, May 5, 1922, after hearing, it appearing that there has been a compliance with the provisions of the acts of assembly relating to the subject, the prayers of the petitions are granted, and it is ordered and decreed that the money shown by the lists to be on deposit in the custody of the Girard National Bank, Penn National Bank, Union National Bank and Fourth Street National Bank, which have neither been increased nor decreased, and interest on which has not been credited in the pass-book of the depositor, at his request, for fourteen or more consecutive years next preceding Jan. 1, 1917, 1918, 1919 and 1920, a schedule of which is attached to the petitions filed, marked Schedule A, together with the moneys shown by Schedule C to be due to creditors and not paid for three or more successive years next preceding Jan. 1, 1917, 1918, 1919 and 1920, including all interest accumulated but not paid to the beneficiaries, on funds held as trustee, guardian, committee, executor, administrator, assignee, receiver or other fiduciary, not paid to the respective beneficiaries, together with interest actually accrued and payable at the date of filing the petition, be paid to the State Treasury by the Girard National Bank, Penn National Bank, Union National Bank and Fourth Street National Bank to the credit of the Commonwealth without escheat.